FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2014 SEP -4  PM 1:20

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ AD
                    DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § | A-12-CR-403(1)-SS |
| NICHOLAS KYLE NAUMANN | § § § | |

## ORDER

Before the Court are Defendant Nicholas Kyle Naumann's Request Pursuant to Federal Rule of Criminal Procedure 36 and the Government's response thereto. Naumann believes an error in his Presentence Report ("PSR") led to his classification as a career offender and ultimately resulted in him receiving an enhanced sentence.

Naumann initially seems to seek a correction of a clerical error in his PSR pursuant to Rule 36 of the Federal Rules of Criminal Procedure. However, in his request for relief Naumann actually requests the Court to resentence him.

Rule 36 authorizes this Court to correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission. The Fifth Circuit recently determined the PSR is a "part of the record" within the meaning of Rule 36. *United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014).

On November 16, 2012, Naumann was charged in a three-count indictment with: (1) conspiracy to possess with intent to distribute in excess of 5 kilograms of cocaine, in violation of 21 U.S.C. § 846 and as defined in 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count One); (2) use and carry of a firearm and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 18 U.S.C.

§ 2 (Count Two); and (3) felon in possession of a firearm and ammunition and aiding and abetting, in violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 2 (Count Three).

On December 14, 2012, Naumann entered a plea of guilty to Counts One, Two, and Three of the indictment. On March 8, 2013, this Court sentenced Naumann to a 180-month term of imprisonment on Count One and a 60-month term of imprisonment on Count Two, to run consecutively to Count One, for a total of 240 months. The Court sentenced Naumann to a 120-month term of imprisonment on Count Three to run concurrent to Count One. The Court ordered a 5-year term of supervised release to follow the imprisonment, and ordered Naumann pay a $300 mandatory assessment fee. Judgment was entered on March 13, 2013.

Naumann did not file a direct appeal, but he did, however, challenge his conviction and sentence in a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. *See* Motion [#92]. In his motion, Naumann alleged he was denied effective assistance of counsel because his attorney: (1) failed to file a motion to dismiss Count Three of the indictment and advised Naumann to plead guilty to Count Three; and (2) failed to object to his burglary of a habitation conviction on April 14, 2006 being used to classify him as a career offender, because the Fifth Circuit in *United States v. Constante*, 544 F.3d 584 (5th Cir. 2008), concluded burglary of a habitation pursuant to section 30.02(a)(3) of the Texas Penal Code is not a crime of violence.

The Court denied the motion on May 22, 2014. *See* Order of May 22, 2014 [#101]. With regard to Naumann's first claim, the Court found Naumann failed to establish his counsel's performance was deficient and failed to show prejudice. The Court explained Naumann's contention was based on the misunderstanding he was charged with being a felon in possession of a firearm

rather than being charged with aiding and abetting a felon in possession of a firearm, and Naumann voluntarily and knowingly pleaded guilty to aiding and abetting a felon in possession of a firearm.

With regard to Naumann's second claim, the Court found counsel was deficient for failing to object to the classification of Naumann's burglary of a habitation conviction as a crime of violence. The burglary of a habitation conviction was erroneously considered a crime of violence, because the PSR in this case quoted Paragraph 1 of Naumann's September 2005 Indictment when describing Naumann's burglary conviction. However, that paragraph was waived by the State and the only charge to which Naumann pleaded guilty was contained in Paragraph 2 of the Indictment, which should not have counted as a crime of violence.

Despite the deficient performance by defense counsel, the Court found Naumann failed to show prejudice. The Court explained, with career offender status erroneously included, Naumann's calculated total offense level was 35, and he had a criminal history category of level VI. PSR, ¶ 66. Therefore, for Counts 1 and 3, Naumann had a guideline range of 352 to 425 months. The Court, however, granted Naumann a downward variance pursuant to the factors in 18 U.S.C. § 3553, and determined a 180-month sentence on Count 1 followed by a consecutive 60-month sentence on Count 2 and a concurrent 120-month sentence on Count 3 for a total sentence of 240 months was a reasonable sentence. If Naumann had not received career offender status, his calculated total offense level would have been 30, and his criminal history category would have been level V. *See* PSR, ¶¶ 30–33, 45. With these adjusted figures, his guideline range would have dropped to 151 to 188 months for Counts 1 and 3. However, the Court explained it would not have sentenced Naumann to a lesser sentence. As explained in detail when granting the downward variance, the sentence

3

Naumann received was the appropriate sentence for his offenses. *See* Order of March 11, 2013 [#77].

After consideration of Naumann's motion and the Government's response, Naumann's motion is granted in part and dismissed in part. To the extent Naumann seeks a correction of the PSR, the motion is granted. The Government concedes the PSR erroneously quoted Paragraph 1 of Naumann's September 2005 Indictment and does not oppose the correction of the PSR to reflect the charge to which Naumann pleaded guilty was Paragraph 2. The Government notes the correction will necessitate additional corrections in the PSR, and an adjustment to Naumann's calculated total offense level. To the extent Naumann seeks a new sentence, the motion is dismissed, as it is a successive § 2255 motion over which this Court has no jurisdiction.

It is therefore **ORDERED** that the Request Pursuant to Federal Rule of Criminal Procedure 36, filed by Defendant Naumann on August 27, 2014, is **GRANTED IN PART AND DISMISSED IN PART**. To the extent Naumann seeks a correction of his PSR his request is granted. To the extent Naumann seeks a new sentence his request is dismissed.

It is further **ORDERED** that the Clerk of the Court shall forward a copy of this Order to Probation, and Probation shall file under seal a corrected PSR and shall forward a copy of the corrected PSR to the Bureau of Prisons.

It is further **ORDERED** that a certificate of appealability shall not issue.

SIGNED this 4th day of September, 2014.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE